UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL NO. 99-10172-GAO

UNITED STATES OF AMERICA,

v.

ODIS DE LA CRUZ,
Defendant.

OPINION AND ORDER
July 20, 2016

O'TOOLE, D.J.

The petitioner, Odis de la Cruz, seeks to vacate her sentence pursuant to 28 U.S.C. § 2255. In support of her § 2255 petition, the defendant contends that counsel was ineffective for failing to research relevant law and facts of the case, interview potential witnesses, and file any substantive pretrial motions; that counsel's erroneous advice regarding the consequences of a guilty plea was constitutionally ineffective in light of Missouri v. Frye, 132 S. Ct. 1399 (2012), and Lafler v. Cooper, 132 S. Ct. 1376 (2012); and that enhancements imposed at sentencing are unconstitutional under Alleyne v. United States, 133 S. Ct. 2151 (2013).

I.      Relevant Procedural History

On February 2, 2004, the defendant pled guilty to one count of conspiracy to distribute a controlled substance, in violation of 21 U.S.C. § 846, and thirteen counts of using a communications facility to facilitate a drug offense, in violation of 21 U.S.C. § 843(b). On March 8, 2004, the defendant filed a Motion to Revise Plea on the purported basis that she inadvertently pled guilty to participating in a conspiracy to distribute that involved at least one kilogram of heroin. On April 27, 2004, the Court denied her motion. In September 2004, the Court held a three-

day evidentiary sentencing hearing and imposed a within Guidelines range sentence of 292 months. After an appeal by the defendant, the First Circuit Court of Appeals vacated the sentence in light of United States v. Booker, 543 U.S. 220 (2005), and remanded for re-sentencing.

At resentencing on May 16, 2006, the Court re-imposed a sentence of 292 months. On May 23, 2006, the defendant filed a Notice of Appeal regarding the sentence but subsequently dismissed the appeal.

On May 27, 2014, defendant filed her present § 2255 petition. On March 10, 2016, after a long series of continuances, the government filed its opposition to the defendant's motion.[1]

**II.     Discussion**

The Antiterrorism and Effective Death Penalty Act of 1996 imposed a one-year period of statute of limitations on motions filed pursuant to § 2255. In pertinent part, § 2255 provides:

> A 1–year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
>> (1) the date on which the judgment of conviction becomes final;
>>
>> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such government action;
>>
>> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

---

[1] Additionally, in 2014, the defendant moved for a sentence reduction based on Amendment 782 of the Sentencing Guidelines. The Court reduced the defendant's sentence from 292 to 235 months.

The present petition is time-barred because it was not filed within a year of any of the relevant triggering events under § 2255(f).[2] First, the petition was filed approximately eight years from the date petitioner's sentence became final. See id. § 2255(f)(1). Second, the petitioner does not allege any kind of action by the government that impeded her capacity to bring a motion. See id. § 2255(f)(2). Third, the petition was not brought within one year of a newly recognized right made retroactively applicable to cases on collateral review. See id. § 2255(f)(3). To the extent she relies upon a right that was "newly recognized" by the Supreme Court in Lafler v. Cooper, 132. S. Ct. 1376 and Missouri v. Frye, 132 S. Ct. 1399—a dubious position in light of developing case law, see, e.g., Pagan-San Miguel v. United States, 736 F.3d 44, 45 (1st Cir. 2013) (per curiam); Landron-Class v. United States, 86 F. Supp. 3d 64, 75 (D.P.R. 2015) (collecting cases)—her petition was nevertheless brought more than one year after those cases were decided. Her petition was brought within one year of Alleyne v. United States, 133 S. Ct. 2151, but the First Circuit has squarely held that Alleyne is not retroactively applicable to cases on collateral review. See Butterworth v. United States, 775 F.3d 459, 465 (1st Cir. 2015). Fourth and finally, the petitioner does not advance any facts supporting her claims, which rest primarily on counsel's purported pre-plea efforts and the Court's sentence, that would not have been obvious to her at the time she changed her plea and was subsequently sentenced. See 28 U.S.C. § 2255(f)(4).

---

[2] Even if the petitioner's claims were not barred by the statute of limitations, they would fail substantively for substantially the same reasons articulated by the government in its opposition to the defendant's petition. (See Gov't's Opp'n to Def.'s Mot. to Vacate, Set-Aside, or Correct Sentence 9–16 (dkt. no. 1117).)

**III.**     **Conclusion**

Accordingly, the petition is time-barred and is accordingly DISMISSED. Because the petitioner has not shown that the soundness of the Court's procedural ruling is debatable, a certificate of appealability shall not issue. See Slack v. McDaniel, 529 U.S. 473, 484 (2000).

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge